FILED
August 17, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002860888

RICHARD A. HALL (SBN 135483)
**BOTTOMLINE LAWYERS**
985 Lincoln Way, Suite 206
Auburn, California 95603
Telephone: (530) 888-7100
Facsimile: (866) 305-1238

Attorneys for Debtors
Robert M. Macklin dba Macklin Termite Control;
and Dena A. Macklin

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ROBERT M. MACKLIN dba MACKLIN TERMITE CONTROL; and DENA A. MACKLIN<br><br>    Debtors. | CASE NO. 10-39564-A-7<br><br>DC NO.:    RAH-001<br><br>DEBTOR'S MOTION FOR ORDER FOR ABANDONMENT OF BANKRUPTCY ESTATE'S INTEREST IN TERMITE CONTROL BUSINESS; MEMORANDUM IN SUPPORT THEREOF<br><br>DATE:  September 7, 2010<br>TIME:  9 a.m.<br>PLACE: U.S. Bankruptcy Court<br>       Courtroom 28, 7th Floor<br>       Department A<br>       501 I Street<br>       Sacramento, California |

Debtor Robert M. Macklin dba Macklin Termite Control, through his attorney of record, Richard A. Hall, of Bottomline Lawyers, hereby moves this Court for an order for abandonment of the Bankruptcy Estate's interest in debtor's business, Macklin Termite Control. This motion is based on the facts which follow.

Debtor filed a Chapter 7 petition in bankruptcy, on July 23, 2010, and an amended voluntary petition on August 6, 2010. Among the assets scheduled is debtor's termite control business, Macklin Termite Control. The current value of the debtor's interest in the property the debtor scheduled to be zero. A creditor's meeting has been scheduled for August 30, 2010, and

the trustee is expected to file a report of no distribution. The trustee is furthermore not expected to indicate debtor's termite control business will be a target of any liquidation efforts on the part of the Bankruptcy Estate nor is the trustee expected to challenge debtor's assertion of value regarding the termite control business.

I hereby certify that I have read the foregoing motion for order for abandonment of the Bankruptcy Estate's interest in debtor's termite control business, and further certify that the contents therein are true and correct to the best of my knowledge and belief. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 17th day of August 2010, at Auburn, California.

/s/ RICHARD A. HALL
RICHARD A. HALL

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

### DEBTOR'S TERMITE CONTROL BUSINESS IS OF INCONSEQUENTIAL VALUE TO THE BANKRUPTCY ESTATE.

Property may be abandoned from the Bankruptcy Estate in one of three ways: (i) upon notice by the case trustee (11 U.S.C. § 554(a)); (ii) upon motion by a party in interest and order (11 U.S.C. § 554(b)); or (iii) upon closing. 11 U.S.C. § 554(c). Property may be abandoned only if it is (1) burdensome to the Bankruptcy Estate or (2) of inconsequential value to the Bankruptcy Estate. 11 U.S.C. § 554(a).

Debtor herein asserts that his termite control business is of inconsequential value to the Bankruptcy Estate, as evidenced by his chapter 7 bankruptcy filing. Also see "Declaration of Robert M. Macklin," and "Exhibit in Support of Motion," both of which are filed concurrently herewith. Therefore, because the property is of inconsequential value to the Bankruptcy Estate, it may be abandoned from the Bankruptcy Estate.

Also, the Court need not consider speculative factors when determining whether abandonment is appropriate under section 554(b) of the Bankruptcy Code. <u>Vu v. Kendall</u> (<u>In re</u>

DEBTOR'S MOT FOR ORD FOR ABANDONMENT ... MEMO IN SUPPORT THEREOF
-2-

1  Vu), 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000). The Bankruptcy Court cannot be expected to
2  deny the debtor's request for abandonment on the basis of a speculative scenario that may or may
3  not occur in the future. Ibid. Otherwise, trustees could certainly invent a scenario under which
4  virtually all property could become valuable in the future and thereby defeat any motion to
5  compel abandonment. The Court can only consider the evidence before it. In this regard, concrete
6  evidence of the inconsequential value to the Bankruptcy Estate of the termite control business
7  has been presented in this case.

## CONCLUSION

Based on the facts and authorities stated above, debtor respectfully requests this Court enter an order for abandonment of the Bankruptcy Estate's interest in Macklin Termite Control, the debtor's termite control business.

DATED: August 17, 2010.

**BOTTOMLINE LAWYERS**

By: /s/ RICHARD A. HALL
RICHARD A. HALL
Attorneys for Debtors
Robert M. Macklin dba Macklin Termite Control;
and Dena A. Macklin